

**United States Department of Justice**

*United States Attorney*
*Northern District of New York*

*100 South Clinton Street, P.O. Box 7198*     *Tel.: (315) 448-0672*
*James M. Hanley Federal Building*               *Fax: (315) 448-0658*
*Syracuse, New York 13261-7198*

February 14, 2019

Hon. Andrew T. Baxter
United States Magistrate Judge
100 South Clinton Street
Syracuse, New York  13261

   Re: *United States v. Daitwaun Fair*
      18-CR-427 (FJS)

Dear Judge Baxter:

  On behalf of the government, I am writing in response to yesterday's letter from Defendant Daitwaun Fair's counsel (Dkt. No. 73).  Counsel misstates the government's position when he claims that the government asserts his client "must remain detained without the right to a speedy trial."  It is true that the government believes that Defendant Fair should be detained pending trial.  As undersigned counsel explained to Defendant Fair's counsel during an email exchange yesterday, his client previously litigated the issue of his detention, which resulted in this Court ordering that he be detained pending trial.  (Dkt. No. 50.)  The government is not aware of any changed circumstance that would justify a reversal of that decision.

  On the issue of the defendant's speedy trial rights, it is hard to fathom how the defendant can assert a Sixth Amendment speedy trial violation, given that he was only arrested last month.  *See Barker v. Wingo*, 407 U.S. 514, 529 (1972) (identifying factors to be considered in evaluating whether there has been a deprivation of constitutional right to speedy trial).  Nor is there a violation of the Speedy Trial Act.  Every other defendant in this case has requested and stipulated to the exclusion of a reasonable period of time "to allow defense counsel sufficient time to review the discovery, consult with the defendants, consider and prepare any motions, consider and discuss potential pre-trial dispositions and prepare for trial."  (Feb. 13, 2019 Stipulation for Continuance (Dkt. No. 72).)  That is understandable, given the voluminous discovery in this case, which includes months of wiretap and surveillance recordings and numerous reports concerning the allegations in this case of a multi-defendant drug conspiracy.

  There has been no severance motion in this case, and severance would be improper, especially given Defendant Fair's central role in the conspiracy.  *See United States v. Spinelli*, 352 F.3d 48, 55 (2d Cir. 2003) ("Joint trials are often particularly appropriate in circumstances where the defendants are charged with participating in the same criminal conspiracy, as is the case here.").  Absent severance, Defendant Fair cannot assert a Speedy Trial Act violation where his co-

Letter to Hon. Andrew T. Baxter
2/14/19
Page 2

defendant's time for trial has not expired. See 18 U.S.C. Sec. 3161(h)(6) (excluding from the Speedy Trial Act calculation, among other periods, "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted").

Defendant requests a court conference, although it is unclear what the purpose of such a conference would be. If he wishes to present "legal arguments requesting that all charges ... be dismissed," as asserted in his letter, it would appear that such arguments would be better presented in a motion (which the government will oppose). In any event, the government is available for a conference if the Court determines that it would be useful.

      Respectfully submitted,

      Grant C. Jaquith
      United States Attorney

      */s/ Nicolas Commandeur*

By:   Nicolas Commandeur
      Assistant U.S. Attorney
      Bar Roll No. 518984

NC/pdb
cc: Anas Saleh, Esq.